## CHAMBERLAIN and others *vs.* CAMPBELL, Sheriff &c.

The jail limits of the county of Kings were fixed by the statute of 1831, which declared that "the jail liberties of the county of Kings shall be so extended as to include the whole of the towns of Flatbush and Brooklyn in said county." In 1834, by an act incorporating the city it was declared that the town of Brooklyn should thereafter constitute and be known by the name of the city of Brooklyn. And by the act of April 17th, 1854, the cities of Brooklyn and Williamsburgh and the town of Bushwick were consolidated into one municipal government and city, to be known as the city of Brooklyn. *Held* that the extension of the jail liberties, by the act of 1831, so as to include the whole of the towns of Flatbush and Brooklyn, carried the limits to the exterior lines of those two towns, which were fixed and known boundaries; and that the subsequent creation of a municipal corporation known as the city of Brooklyn, with a large addition to its territory, could not be regarded as affecting the jail limits, so as to make them co-extensive with the bounds of the city.

The jail, of which the sheriff has the control, is not a municipal institution,

Chamberlain *v.* Campbell.

nor needed for municipal purposes. It is a county institution, used exclusively for county purposes. And the jail liberties are but an enlargement of the limits or outer walls of the jail.

Any change which the legislature may make in the limits of the town or city cannot be regarded as affecting the limits or liberties of the jail, without some additional words indicating such a purpose.

MOTION for judgment, upon a special verdict.

*By the Court,* BROWN, J.   The plaintiffs obtained a warrant of arrest against one David W. Cornwell upon which he was arrested and held to bail in an action in which they afterwards obtained judgment for the sum of $4098, the judgment roll of which was filed in the office of the clerk of the county of Kings.   An excution against the person of Cornwell was duly issued to the sheriff of the county of Kings, the predecessor of the defendant, upon which Cornwell was arrested and admitted to the jail liberties of the county. In January, 1861, the sheriff, upon the expiration of his term of office, delivered over the person of David W. Cornwell, with the execution against his person and the bond for the jail liberties, to the defendant Anthony F. Campbell, who was his successor in office.

This action was commenced on the 14th day of March, 1862, at which time, as the proof showed, Cornwell was at the corner of South Second and Fifth streets in the city of Brooklyn, where he had a place of business.   The result of the action turned exclusively upon the question whether the corner of South Second and Fifth streets is within the jail limits of the county of Kings.   These were fixed by the statute of 1831, which declared that " the jail liberties of the county of Kings shall be so extended as to include the whole of the towns of Flatbush and Brooklyn in said county."   No subsequent act has been passed on the subject.   It was proved upon the trial, by Silas Ludlam, a city surveyor of Brooklyn, that the corner of the streets referred to, and where Cornwell was at the time the action was commenced,

was outside the limits of the towns of Brooklyn and Flatbush, as they existed in 1831. In 1834, by an act passed to charter the city, it was declared that the town of Brooklyn should thereafter constitute and be known by the name of the city of Brooklyn; and by the act of the 17th April, 1854, the cities of Williamsburgh and Brooklyn and the town of Bushwick, were consolidated into one municipal government to be known as the city of Brooklyn. The place in controversy is now within the limits of the city. It must be remembered however, that the jail liberties are those of the county of Kings, and they were extended by the act of 1831, so as to include the whole of the towns of Flatbush and Brooklyn. This carried the limits to the exterior lines of those two towns, which were fixed and known boundaries; and the subsequent creation of a municipal corporation known as the city of Brooklyn, with a large addition to its territory, cannot by any rule of interpretation be regarded as affecting the jail limits, which is a subject not mentioned in the act, and entirely foreign to the purposes it was intended to effect. The town and the city of Brooklyn are territorial divisions for local and municipal government. The sheriff is not a town or a city officer; nor is the jail of which he has the exclusive control a municipal institution, or needed for municipal purposes. It is every where throughout the state a county institution, used exclusively for county purposes; the counties representing the ancient bailiwick of the sheriff. The jail liberties are but an enlargement of the limits or outer walls of the jail. Any change which the legislature might make in the limits of the town or city could by no reasonable construction be regarded as affecting the limits or liberties of the jail without some additional words indicating such a purpose. The general law for alterations in the jail liberties, to be found in §§ 35, 36 *of art.* 3, *title* 6, *ch.* 7, of the revised statutes, as modified by the act of 1851, provides that they may be altered by the county court in its discretion, not oftener than once in three years, subject to

the restrictions prescribed in § 34 of the act in respect to the form and extent of the limits; such alterations with the boundaries and limits of the liberties as altered, to be designated in the order of the court. These provisions indicate an intention that the jail liberties shall be designated with exactness and precision.

Judgment should be entered in favor of the plaintiff upon the verdict.

